*E-FILED 5/8/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRAULIO RODRIGUEZ and SILVIA RODRIGUEZ, individually and on behalf of the general public,<br><br>    Plaintiff,<br><br>v.<br><br>SUMMIT MORTGAGE REALTY, INC., et al.<br><br>    Defendants.<br>_____/<br>JUAN MEDINA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY, et al.,<br><br>    Defendants.<br>_____/ | No. C05-02904 HRL<br>No. C05-02905 HRL<br><br>**ORDER CONDITIONALLY GRANTING ATTORNEY PHILIP ADLESON'S MOTION TO BE RELIEVED AS COUNSEL**<br><br>**[C05-02904: Docket No. 75]**<br>**[C05-02905: Docket No. 196]** |

Attorney Phillip M. Adleson of the Adleson, Hess & Kelly law firm moves for permission to withdraw as counsel of record for defendants Summit Mortgage Realty, Inc., Herman Covarrubias, Esperanza Valverde and Cesar Valverde (aka Cesar Ponte) (collectively, the "Summit Defendants"). The stated reasons for the request are the Summit Defendants' alleged (1) breach of their legal agreement to pay their fees; and (2) failure to communicate

1 with their counsel.

2 The motion papers were duly served upon the Summit Defendants. They have not filed
3 any response to the motion. Nor did they appear at the May 6, 2008 motion hearing. There has
4 been no opposition to the motion in *Rodriguez v. Summit Mortgage Realty, et al.*, C05-02904
5 HRL, and that case remains stayed pending the completion of the Summit Defendant's state
6 criminal trial. In *Medina, et al. v. Argent Mortgage, et al.*, C05-02905HRL, only plaintiffs
7 oppose the motion. Upon consideration of the moving and responding papers, as well as the
8 arguments of counsel, this court issues the following order.

9 Rule 3-700(C) of California's Rule of Professional Conduct provides that, except in
10 cases where withdrawal is mandatory,[1] an attorney may not request permission to withdraw,
11 unless withdrawal is being sought in certain situations, including where the client's conduct
12 which renders it unreasonably difficult for the member to carry out the employment effectively
13 or where the client breaches an agreement or obligation to pay to the attorney expenses and
14 fees. *See* CAL. RULE OF PROF'L CONDUCT 3-700(C)(1)(d), (f). Additionally, under Civil Local
15 Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by order of Court after
16 written notice has been given reasonably in advance to the client and to all other parties who
17 have appeared in the case." CIV. L.R. 11-5(a).

---

[1] Withdrawal from representation is mandatory where:

(1) The member knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring a person;

(2) The member knows or should know that the continued employment will result in violation of these rules or of the State Bar Act; or

(3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

CAL. RULE OF PROF'L CONDUCT 3-700(B).

Here, Adleson attests that, over the past six months or so, his clients have stopped communicating with him and have also stopped paying their legal fees. (Adleson Decl. ¶¶ 3-4). There has been no showing or argument to the contrary. The court finds that conditions for permissive withdrawal under California Rule of Professional Conduct 3-700(C)(d) and (f) have been met. Accordingly,

1. IT IS ORDERED THAT Adleson's motion to be relieved as counsel is GRANTED. However, the withdrawal is subject to the condition that papers directed to defendant Summit Mortgage Realty, Inc. may continue to be served on Adleson for forwarding purposes unless and until that defendant appears by other counsel. *See* CIV. L.R. 11-5(b).

2. The individual Summit Defendants are advised that, although they are representing themselves, they retain all the obligations of a litigant and remain responsible for adhering to rules that all litigants must follow. *See King v. Atiyeh*, 814 F.2d 565, 567 ( 9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties).

3. **Summit Mortgage Realty, Inc. is advised that it may not appear pro se or through its corporate officers, but must retain new counsel forthwith to represent it in this lawsuit**. *See* CIV. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); *In Re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law"). **Summit Mortgage Realty, Inc. is further advised that it retains all of the obligations of a litigant, and its failure to obtain an attorney may lead to an order striking its pleadings or entry of its default**.

Dated: May 8, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**5:05-cv-2904 Notice has been electronically mailed to**:

Phillip Mark Adleson padleson@ahk-law.com, tclark@ahk-law.com

Nancy M. Battel nancy@battelaw.com, battelaw@aol.com

Candie Yi-Chun Chang cchang@garrett-tully.com

Damian Rene Fernandez damianfernandez@gmail.com

James Louis Stoelker jstoelker@mount.com, sretes@mount.com

Glenn Harlan Wechsler glenn@glennwechsler.com

**5:05-cv-2905 Notice has been electronically mailed to:**

Phillip Mark Adleson padleson@ahk-law.com, tclark@ahk-law.com

Kerstin Arusha kerstina@lawfoundation.org

Karen A. Braje kbraje@reedsmith.com

Candie Yi-Chun Chang cchang@garrett-tully.com

Moses Diaz mosesd@lawfoundation.org, moses@ucdavis-alumni.com

Matthew Greinert greinertm@howrey.com, kasenenkop@howrey.com

Kyra Ann Kazantzis kyrak@lawfoundation.org

Courtney Lynn Landis clandis@morganlewis.com, cgreenblatt@morganlewis.com

David Alan Makman makmand@howrey.com, kasenenkop@howrey.com

Jami Wintz McKeon jmckeon@morganlewis.com, cgreenblatt@morganlewis.com

Jack R. Nelson cahunt@reedsmith.com, jnelson@reedsmith.com

James F. Zahradka , II jamesz@lawfoundation.org, teresam@lawfoundation.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:05-cv-2905 Notice has been mailed to**

Herman Covarrubias
5794 Vitero Way
San Jose, CA 95138

Esperanza Valverde
5794 Vitero Way
San Jose, CA 95138

1  Cesar Ponte/Cesar Valverde
   5794 Vitero Way
2  San Jose, CA 95138

3  Herman Covarrubias
   c/o John L. Williams
4  Manchester, Williams & Seibert
   125 S. Market Street, #1100
5  San Jose, CA 95113

6  Esperanza Valverde
   c/o Christian E. Picone
7  Berliner Cohen
   Ten Almaden Blvd., 11th Floor
8  San Jose, CA 95113

9  Cesar Ponte/Cesar Valverde
   c/o Lagod & Christensen
10 360 W. Hedding Street
   San Jose, CA 95110

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California